THE UNITED STATES DISTRICT COURTS
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMES THOMPSON,** | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| **TECHNI WATERJET, LLC** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff brings this action against Defendant TECHNI Waterjet, LLC ("TECHNI Waterjet" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* and Kansas common law and Kansas wage laws, K.S.A. §§ 44-301, *et seq*. ("Kansas Wage Payment Act" or "KWPA").

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself that he is (i) entitled to unpaid wages including overtime premiums for all hours worked exceeding forty (40) in a workweek, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*., specifically 29 U.S.C. §§ 207, 216(b).

2. Plaintiff further complains against Defendant that he is entitled to unpaid overtime premium pay and penalties as required by Kansas common law and Kansas wage laws, K.S.A. § 44-301, *et seq*.

1

## JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 since it is part of the same case and controversy as the FLSA claim. The state and federal claims derive from a common nucleus of operative fact, the state law claims will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

6. The United States District Court for the District of Kansas has personal jurisdiction because Defendant conducts business within this District.

7. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

8. At all relevant times, Defendant employed "employee[s]," including Plaintiff James Thompson. At all relevant times, Plaintiff and other TECHNI Waterjet employees were engaged in commerce and/or worked for Defendant in an enterprise engaged in commerce.

9. At all relevant times, Defendant had gross annual operating revenue in excess of $500,000.00 (Five Hundred Thousand Dollars).

**PARTIES**

10. Defendant TECHNI Waterjet, LLC is a Kansas limited liability company with its principal place of business located at 15301 W 109th Street, Lenexa, Kansas 66219. TECHNI Waterjet is in the business of manufacturing, selling, and servicing water jet products. Defendant's North American office is located in Lenexa, Johnson County, Kansas. Defendant also has international offices in Australia, Europe, and Asia.

11. Plaintiff James Thompson was, at all relevant times, an individual residing in Greenville, Montcalm County, Michigan.

12. At all relevant times,[1] Plaintiff Thompson was employed by Defendant's Lenexa, Kansas, location as a Technician, a non-exempt position, but for which Plaintiff received no overtime pay. Plaintiff's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as an exhibit.

**STATEMENT OF FACTS**

13. Defendant TECHNI Waterjet Transportation is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and the Kansas Wage Payment Act.

14. TECHNI Waterjet initially hired Plaintiff Thompson as a "Service Engineer"—more commonly referred to as a "Service Tech" or "Technician"[2]—on approximately April 24, 2013, with a start date of May 6, 2013, at their Topeka, Kansas location.

---

[1] Plaintiff uses the phrase "at all relevant times" to refer to the 3-year period beginning March 6, 2013 (the start of Plaintiff's employment with TECHNI Waterjet, LLC) through approximately March 4, 2016 (when TECHNI Waterjet, LLC first began paying Plaintiff overtime for his work in excess of 40 hours each workweek).

[2] Plaintiff refers to this job position as "Service Tech" throughout this Complaint, referring to the job position "Service Engineer," also commonly known interchangeably as "Service Tech" or "Technician."

3

15. Plaintiff worked primarily from his residence in Greenville, Michigan and at various locations where TECHNI Waterjet conducts business, including its customers' facilities.

16. Plaintiff remains a current TECHNI Waterjet employee as of the filing of this Complaint.

17. Plaintiff's employment agreement indicated he was initially employed as a salaried employee at a rate of $52,000 per year.

18. Plaintiff's employment agreement specified a 40-hour per week work schedule.

19. At all relevant times, Plaintiff's pay stubs reflected an hourly compensation structure, pursuant to which TECHNI Waterjet paid him for 40 hours of work each week at a rate of $25/hour.

20. At all relevant times, although Plaintiff's job duties routinely required him to work in excess of forty (40) hours per workweek, he was only paid for forty (40) hours of work (e.g., denied overtime premiums) and/or not paid for the overtime he worked per week.

21. At all relevant times, TECHNI Waterjet employed other Service Techs besides Plaintiff, in the same or equivalent job position and with the same or equivalent job duties as Plaintiff.

22. At all relevant times, TECHNI Waterjet classified and/or compensated its other Service Techs as hourly, non-exempt employees.

23. At all relevant times, TECHNI Waterjet paid its other Service Techs—besides Plaintiff—an hourly rate plus overtime premiums for work in excess of forty (40) hours each workweek.

24. At all relevant times, TECHNI Waterjet also paid its Service Techs—besides Plaintiff—for compensable travel time.

25. At all relevant times, TECHNI Waterjet failed to pay Plaintiff for all compensable travel time and/or to count his compensable travel time as hours worked for purposes of calculating and paying overtime premiums for hour worked in excess of forty (40) each week.

26. At all relevant times, as a non-exempt employee, Plaintiff is and was entitled to overtime premiums for hours worked in excess of forty (40) each week. *See* 29 U.S.C. § 213.

27. TECHNI Waterjet acted willfully in its failure to pay Plaintiff the overtime premiums to which the FLSA entitles him.

28. TECHNI Waterjet's willful failure to pay Plaintiff overtime is apparent from its proper classification of other Service Techs besides Plaintiff as non-exempt employees entitled to overtime pay.

29. TECHNI Waterjet's willful failure to pay Plaintiff overtime is apparent from its failure to promptly correct its unlawful pay practice despite Plaintiff's numerous complaints that he is entitled to overtime under the FLSA and state law.

30. During the relevant time period, beginning shortly following his employment, Plaintiff began complaining to his manager at TECHNI Waterjet, then-General Manager Dennis Schmidt, that he was legally entitled to overtime pay.

31. Plaintiff also submitted a written complaint, on or about July 29, 2015, to TECHNI Waterjet through its then-General Manager Dennis Schmidt, notifying his employer again that he is entitled to overtime pay under the FLSA.

32. Also on or around July 29, 2015, TECHNI Waterjet provided Plaintiff with a performance evaluation and indicated that he was to be compensated at an hourly rate of $25, plus a 2.5% pay increase, plus a 33% commission structure. However, TECHNI Waterjet did

not provide Plaintiff with the pay increase or commissions as promised, nor did it begin paying Plaintiff overtime premiums at that time.

33. On or about November 4, 2015, Plaintiff filed a complaint with the United States Department of Labor, asking that the Department investigate TECHNI Waterjet's unlawful failure to pay him overtime premiums for work in excess of forty (40) hours each week.

34. The Department of Labor investigated Plaintiff's allegations and determined that Plaintiff was entitled to overtime premiums as a non-exempt employee, pursuant to the FLSA.

35. The Department of Labor also concluded TECHNI Waterjet failed to properly pay Plaintiff for all compensable travel time, in violation of the FLSA and its regulations.

36. The Department of Labor also concluded TECHNI Waterjet violated the FLSA's record-keeping requirements in failing to make/keep accurate records of Plaintiff's hours worked and overtime premiums due.

37. Despite the Department of Labor's findings and conclusion that TECHNI Waterjet owed Plaintiff back wages for its violations, TECHNI Waterjet refused to pay and comply.

38. It was not until on or about March 4, 2016 that TECHNI Waterjet finally began paying Plaintiff overtime premiums at a rate of one and one-half times his $25 hourly rate (e.g. $37.50 for each hour worked in excess of forty (40) in a week).

39. As a non-exempt employee, and as an employee promised an hourly rate of $25, Plaintiff was entitled to straight time pay and overtime premiums, including for compensable travel time, for all hours worked each week, and those wages were owed to Plaintiff at the next regularly scheduled pay day to occur at least once during each calendar month. *See* K.S.A. § 44-314.

40. TECHNI Waterjet's policy and practice was to willfully deny Plaintiff overtime pay for all hours worked beyond forty (40) in a workweek.

41. Even though TECHNI Waterjet had a timekeeping system in place and could have easily recorded Plaintiff's actual hours worked, it did not allow Plaintiff to record and receive pay for all hours spent working, including during compensable travel time.

42. The net effect of TECHNI Waterjet's unlawful pay practice is that it failed to pay Plaintiff overtime premiums in order to save payroll costs and taxes. Defendant enjoyed ill-gained profits at the expense of Plaintiff.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

43. Plaintiff reasserts and incorporates the allegations set forth in the above paragraphs.

44. Plaintiff consents in writing to be party to this action pursuant to 29 U.S.C. § 216(b). A copy of Plaintiff's written consent is attached.

45. The FLSA regulates, among other things, the payment of minimum wage and overtime by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

46. At all relevant times, Defendant has been, and continues to be, subject to the minimum wage and overtime provisions of the FLSA because its employees are engaged in commerce and Defendant has annual revenues in excess of $500,000 (five hundred thousand dollars).

47. At all relevant times, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

48. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff.

49. Defendant willfully violated the FLSA by failing to pay Plaintiff all wages due including overtime premiums for hours worked beyond forty (40) in a workweek.

50. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

51. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, Defendant has unlawfully withheld wages from Plaintiff. Accordingly, Defendant is liable to Plaintiff pursuant to 29 U.S.C. § 216(b) for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff demands judgment against Defendant and pray this Court:

a. Award Plaintiff compensatory and liquidated damages under 29 U.S.C. § 216(b);

b. Award Plaintiff prejudgment and post-judgment interest as provided by law;

c. Award Plaintiff attorneys' fees and costs as allowed by Section 216(b) of the FLSA; and

d. Award Plaintiff such other relief as this Court deems fair and equitable.

## COUNT II
### INDIVIDUAL CLAIM FOR VIOLATION OF THE KWPA

52. Plaintiff reasserts the allegations set forth in the above paragraphs.

53. At all material times hereto, Plaintiff has been entitled to the rights, protections, and benefits provided under the Kansas Wage Payment Act.

54. Pursuant to K.S.A. §§ 44-301 *et seq.*, Plaintiff brings Count III individually for Defendant's unlawful withholding of straight time and overtime wages in violation of Kansas wage laws, K.S.A. §§ 44-301, *et seq.*, specifically K.S.A. § 44-314.

55. Defendant is subject to the pay requirements of K.S.A. § 44-314 because it is an employer in the state of Kansas under K.S.A. §§ 44-313(a) and 44-323 and Plaintiff is an employee under K.S.A. § 44-313(b).

56. Pursuant to K.S.A § 44-314, Defendant is required to pay Plaintiff all wages due, including straight time and overtime wages, at the next regularly designated payday to be scheduled at least once each calendar month.

57. By failing to accurately record, maintain records of, and pay for Plaintiff's actual hours worked including compensable travel time and all overtime hours, Defendant willfully reduced the total number of hours on Plaintiff's paychecks. These unlawful policies and practices resulted in the non-payment of wages in violation of K.S.A. § 44-314.

58. Defendant was obligated by the Fair Labor Standards Act, its own contractual promises, and Kansas common law to pay these wages due, but Defendant unlawfully withheld these wages, thereby violating the KWPA.

59. Defendant is liable to Plaintiff pursuant to K.S.A. §§ 44-315 and 44-323 for unpaid wages including straight time and overtime compensation, an additional equal amount as a penalty, plus interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff demands judgment against Defendant and prays this Court:

a. Award Plaintiff compensatory damages and up to an equal amount as a penalty, plus interest pursuant to K.S.A. §§ 44-315 and 44-323;

b. Award Plaintiff prejudgment and post-judgment interest as provided by law

c.  Award Plaintiff attorneys' fees and costs; and

d.  Award Plaintiff such other relief as this Court deems fair and equitable.

## COUNT III
### INDIVIDUAL CLAIM FOR UNJUST ENRICHMENT/QUANTUM MERUIT

60. Plaintiff reasserts the allegations set forth in the above paragraphs.

61. Plaintiff conferred a benefit upon Defendant by working "off-the-clock" on its behalf without compensation.

62. Defendant was aware that it was receiving the benefit of this unpaid work at the time the work was performed and accepted and retained that benefit without paying fair compensation for the same.

63. Defendant's acceptance and retention of the benefit of Plaintiff's unpaid labor was inequitable and resulted in Defendant being unjustly enriched.

WHEREFORE, Plaintiff demands judgment against Defendant and prays this Court:

a.  Order Defendant to disgorge the value of its ill-gained benefits to Plaintiff;

b.  Award Plaintiff prejudgment and post-judgment interest as provided by law; and

c.  Award Plaintiff such other relief as this Court deems fair and equitable.

## COUNT IV
### INDIVIDUAL CLAIM FOR BREACH OF CONTRACT

64. Plaintiff reasserts the allegations set forth in the above paragraphs.

65. An employment agreement existed between the Plaintiff and Defendant, the terms and conditions of which included a requirement for Plaintiff to perform services for Defendant and an agreement by Defendant to pay Plaintiff at an agreed hourly rate for all compensable work performed, plus a pay increase, plus commission structure.

66. The agreement was made between parties capable of contracting and contained mutual obligations and valid consideration. Plaintiff performed all conditions precedent, if any, required of him under his employment agreement.

67. Defendant failed and refused to perform its obligations in accordance with the terms and conditions of its employment agreement by failing to compensate Plaintiff for all time worked, including both straight and overtime hours.

68. Defendant failed and refused to perform its obligations in accordance with the terms and conditions of its employment agreement by failing to compensate Plaintiff at the increased hourly rate plus the promised commissions.

69. Plaintiff was thereby damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against Defendant and prays this Court:

a. Order Defendant to pay all promised wages to Plaintiff;

b. Award Plaintiff attorneys fees, expenses, prejudgment and post-judgment interest as provided by law; and

c. Award Plaintiff such other relief as this Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a jury trial on all claims with respect to which he may have the right to a jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the United States District Court of the District of Kansas at Kansas City as the place of trial.

Respectfully Submitted,


*/s/ Tracey F. George*
Tracey F. George, D. Kan. # 77967
Brettt A. Davis, KS #016217
**DAVIS GEORGE MOOK LLC**
1600 Genessee, Suite 328
Kansas City, Missouri 64102
Tel: (816) 569-2629
Fax: (816) 447-3939
tracey@dgmlawyers.com
brett@dgmlawyers.com


**ATTORNEYS FOR PLAINTIFF**